UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

S.N., a minor child, by and through her parents, A.N. and C.N., and on their own behalf,

    Plaintiffs,

v.

Independent School District No. 630,

    Defendant.
_____

Case No. _____ (_____)

**COMPLAINT**

**JURY TRIAL DEMANDED**

## **PARTIES**

1. Plaintiffs A.N. and C.N. are residents of the State of Minnesota and bring this action as parents on behalf of their minor daughter, S.N., a senior at Red Lake Falls School District.

2. Defendant Independent School District No. 630 is a public entity organized and operating under the laws of Minnesota with its principal place of business located at 404 Champagne Avenue, Red Lake Falls, Minnesota 56750.

## **JURISDICTION AND VENUE**

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, because this action arises under Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 *et seq.*, a federal law prohibiting sex discrimination in educational programs receiving federal financial assistance.

4. This Court has supplemental jurisdiction over Plaintiffs' state law claim under the Minnesota Human Rights Act pursuant to 28 U.S.C. § 1367, as this claim is so related to the federal claim that it forms part of the same case or controversy.

5. This Court is the proper venue for this case pursuant to 28 U.S.C. § 1391, as a substantial part of the events giving rise to the claims occurred within the District of Minnesota where Independent School District No. 630 is located.

## STATEMENT OF FACTS

6. Plaintiffs' daughter ("S.N.") is a female senior student at Red Lake Falls High School ("RLF") in Independent School District No. 630.

7. RLF does not have enough students to field a girls' varsity basketball team for the current school year, and it did not have enough students to field a girls' varsity basketball team last year.

8. S.N. played varsity basketball in grades 8 through 10 and wishes to continue playing during her senior year.

9. The neighboring school, Red Lake County Central High School ("RLCC"), has a girls' varsity basketball team and is willing to allow S.N. to play on their team.

10. Plaintiffs requested permission from the RLF School Board ("School Board") to permit S.N. to play basketball for RLCC.

11. The School Board denied S.N.'s request to play basketball for RLCC during S.N.'s junior year and again this year.

12. The School Board has approved multiple male students from RLF to play varsity sports at RLCC, including football, basketball, and baseball.

13. The School Board has approved a male student enrolled at RLCC to play varsity hockey for RLF this year because RLCC does not have enough male students to field a boys' varsity hockey team.

14. Upon information and belief, the School Board has never denied a male student's request to play varsity sports at RLCC when RLF could not field a team in that sport.

15. The School Board's denial of S.N.'s request to play basketball at RLCC was based solely on her sex.

16. The basketball season is scheduled to begin on November 11, 2025.

## CLAIMS FOR RELIEF

### COUNT I
### Sex Discrimination in Violation of 20 U.S.C. § 1681

17. Plaintiffs incorporate the preceding paragraphs of this Complaint as if fully set forth under this count.

18. RLF is an educational program or activity receiving federal financial assistance.

19. Upon information and belief, RLF receives federal funding for its educational programs and activities.

20. Defendant excluded S.N. from participation in, denied her the benefits of, or subjected her to discrimination under an education program or activity.

21. Defendant denied S.N. the opportunity to participate in varsity basketball at RLCC while allowing a male student to participate in varsity hockey at RLF.

3

22. The exclusion, denial, or discrimination was on the basis of sex.

23. Defendant denied S.N. the opportunity to play basketball at RLCC solely because she is female, while granting a RLCC male student the opportunity to play hockey at RLF this year, and while granting male RLF students the opportunity to play varsity sports at RLCC.

24. Defendant's actions have caused and will continue to cause S.N. to suffer irreparable harm, including the loss of educational and athletic opportunities during her senior year of high school.

## COUNT II
## Sex Discrimination in Violation of Minn. Stat. § 363A.13

25. Plaintiffs incorporate the preceding paragraphs of this Complaint as if fully set forth under this count.

26. Defendant discriminated in the full utilization of or benefit from an educational institution or the services rendered thereby to S.N.

27. Defendant denied S.N. the opportunity to participate in varsity basketball at RLCC, which constitutes a denial of full utilization of or benefit from an educational institution or its services.

28. The discrimination was because of S.N.'s sex.

29. Defendant allowed male students to participate in varsity sports at RLCC, and Defendant allowed a male RLCC student to play varsity hockey at RLF this year, while denying the same opportunity to S.N. solely because she is female.

30. Defendant's actions have caused and will continue to cause S.N. to suffer irreparable harm, including the loss of educational and athletic opportunities during her senior year of high school.

## COUNT III
### Violation of Equal Protection Under the Minnesota Constitution
### (Minn. Const. art. 1, § 2)

31. Plaintiffs incorporate the preceding paragraphs of this Complaint as if fully set forth under this count.

32. S.N. is female and therefore a member of a protected class based on sex.

33. Defendant is a public school district and therefore a state actor subject to constitutional constraints.

34. S.N. was treated differently from similarly situated individuals.

35. Male students from RLF have been permitted to play varsity sports, including football, basketball, and baseball, on teams at RLCC when RLF does not have enough students to support a team, and a male student enrolled at RLCC has been permitted to play on the RLF varsity hockey team this year because RLCC does not have enough students to support a team, while S.N. was denied this same opportunity.

36. The differential treatment was based on S.N.'s membership in the protected class.

37. Defendant's decision to deny S.N.'s request while granting similar requests from male students demonstrates that the differential treatment was based on S.N.'s sex.

38. There is no important governmental objective that justifies allowing male students, but not female students, to participate in sports at neighboring school districts when the home district lacks sufficient students for a team.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs respectfully request that this Court:

1. Issue a preliminary injunction pursuant to FRCP 65, ordering Defendant to immediately allow S.N. to play basketball for RLCC while this case is pending;

2. Issue a permanent injunction prohibiting Defendant from discriminating against female students in athletic opportunities, including specifically allowing S.N. to play basketball for RLCC;

3. Enter a declaratory judgment that Defendant's actions violate Title IX of the Education Amendments of 1972 and the Minnesota Human Rights Act;

4. Award Plaintiffs their reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988;

5. Award compensatory damages to Plaintiffs for emotional distress, mental anguish, and other harm caused to S.N. by the discriminatory denial of the opportunity to participate in girls' basketball, as authorized by Minn. Stat. § 363A.33, subd. 8.

6. Grant such other relief as the Court deems just and proper.

DEMAND IS HEREBY MADE FOR A TRIAL BY JURY.

                                        THOMAS WIESER LAW, LLC

Dated: November 7, 2025        s/ Thomas B. Wieser
                                        Thomas B. Wieser, #122841
                                        1551 Livingston Avenue, Suite 106C
                                        West St. Paul, MN 55118
                                        Telephone: (651) 228-1911
                                        Email: Tom.Wieser@thomaswieserlaw.com

                                        **Attorney for Plaintiffs**